UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DUMONTRAE M. BUTLER, | Case No. 2:20-cv-00948-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| ANDREW SAUL, COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Presently before the Court is plaintiff Dumontrae M. Butler's application to proceed *in forma pauperis* (ECF No. 1), filed on May 26, 2020.

**I.     *In Forma Pauperis* Application**

Butler has submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. ECF No. 1. Accordingly, Plaintiff's request to proceed *in forma pauperis* will be granted. The Court will next screen Plaintiff's complaint. ECF No. 1-1.

**II.     Screening the Complaint**

**A.  Standard of Review**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2).[1] In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear that the complaint's deficiencies could not be cured through amendment, a plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

If a plaintiff's complaint challenges a decision by the Social Security Administration, before filing a lawsuit, the plaintiff must exhaust administrative remedies. *See* 42 U.S.C. § 405(g); *see also Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) (per curiam) ("Section 405(g) provides that a civil action may be brought only after (1) the claimant has been party to a hearing held by the Secretary, and (2) the Secretary has made a final decision on the claim"). Generally, if the SSA denies a claimant's application for disability benefits, the claimant may request reconsideration of the decision. If the claim is denied at the reconsideration level, a

---

[1] Although § 1915 largely concerns prisoner litigation, § 1915(e) applies to all *in forma pauperis* proceedings. *Calhoun v. Stahl,* 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners[.]").

1   claimant may request a hearing before an administrative law judge. If the ALJ denies the claim, a
2   claimant may request review of the decision by the Appeals Council. If the Appeals Council
3   declines to review the ALJ's decision, a claimant may then request judicial review. *See generally*
4   20 C.F.R. §§ 404, 416.

5       Once a plaintiff has exhausted administrative remedies, he may obtain judicial review of a
6   SSA decision denying benefits by filing suit within 60 days after notice of a final decision. *Id.*
7   An action for judicial review of a determination by the SSA must be brought "in the district court
8   of the United States for the judicial district in which the plaintiff resides." *Id.* The complaint
9   should state the nature of plaintiff's disability, when plaintiff claims he became disabled, and
10  when and how he exhausted his administrative remedies. The complaint should also contain a
11  plain, short, and concise statement identifying the nature of plaintiff's disagreement with the
12  determination made by the SSA and show that plaintiff is entitled to relief.

13      A district court can affirm, modify, reverse, or remand a decision if plaintiff has exhausted
14  his administrative remedies and timely filed a civil action. However, judicial review of the
15  Commissioner's decision to deny benefits is limited to determining: (a) whether there is
16  substantial evidence in the record as a whole to support the findings of the Commissioner, and (b)
17  whether the correct legal standards were applied. *Morgan v. Commissioner of the Social Security*
18  *Adm.*, 169 F.3d 595, 599 (9th Cir. 1999).

19  **B. Analysis**

20      Here, Butler alleges that Plaintiff's applications for disability insurance benefits and
21  supplemental security income were denied initially, upon reconsideration, and by the ALJ
22  following a hearing. ECF No. 1-1 at 2. Plaintiff further alleges that on March 31, 2020, the
23  Appeals Council denied the request for review, and, at that time, the ALJ's decision became the
24  final decision of the Commissioner. *Id*. Plaintiff filed this action within the allowable period.
25  Thus, it appears that Butler has exhausted the administrative remedies and timely commenced this
26  action.

27
28

The Complaint also indicates the nature of Butler's disability and that Plaintiff resides within the District of Nevada.[2] *Id.* at 2–3.

Finally, the Complaint includes sufficient facts to state a claim for relief, alleging that the ALJ "failed to properly evaluate the medical evidence in assessing [Plaintiff's] residual functional capacity; failed to properly evaluate [Plaintiff's] subjective complaints[;] and failed to sustain his burden at step five of the sequential evaluation." *Id.* at 3. Accordingly, the Court holds that Butler has met the burden for judicial review of the SSA decision denying Plaintiff disability benefits.

**IT IS THEREFORE ORDERED** that:

1. Plaintiff Dumontrae M. Butler's request to proceed *in forma pauperis* (ECF No. 1) is GRANTED. Butler will not be required to pay the filing fee of $400.00.

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or giving security for them. This Order granting leave to proceed *in forma pauperis* does not extend to the issuance of subpoenas at government expense.

3. The Clerk of Court must file the Complaint.

4. The Clerk of Court must serve the Commissioner of the Social Security Administration by sending a copy of the summons and Complaint by certified mail to: (1) Office of the Regional Chief Counsel, Region IX, Social Security Administration, 160 Spear St., Suite 800, San Francisco, California 94105-1545; and (2) the Attorney General of the United States, Department of Justice, 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530.

5. The Clerk of Court must issue summons to the United States Attorney for the District of Nevada and deliver the summons and Complaint to the U.S. Marshal for service.

6. From this point forward, Plaintiff must serve on Defendant or, if

---

[2] The Court is aware of district courts in the Ninth Circuit that require a plaintiff who proceeds *in forma pauperis* on social security appeals to include the onset date of his alleged disability in the complaint. *See, e.g., Montoya v. Colvin*, No. 216CV00454RFBNJK, 2016 WL 890922, at *2 (D. Nev. Mar. 8, 2016). While the Court believes that it is best practice to include this information and advises Plaintiff's counsel to do so when filing future complaints, the Court will not dismiss Plaintiff's complaint because of this omission.

1 appearance has been entered by an attorney, on the attorney, a copy of every pleading, motion, or
2 other document submitted for consideration by the Court. Plaintiff must include with the original
3 paper submitted for filing a certificate stating the date that a true and correct copy of the
4 document was personally served or sent by mail to Defendant or counsel for Defendant.  The
5 Court may disregard any paper received by a district judge or magistrate judge that has not been
6 filed with the Clerk, and any paper received by a district judge, magistrate judge, or the Clerk that
7 fails to include a certificate of service.

DATED: August 11, 2020

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE